# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# ASHLAND
# CIVIL ACTION NO.: 05-206-DLB

**SCOTT STEPHENS, et al.,**                                                              **PLAINTIFFS,**

**V.**

**E.I. DUPONT DE NEMOURS AND COMPANY**             **DEFENDANT.**

## MEMORANDUM ORDER

On June 27, 2006, the court granted in part defendant's motion to dismiss the claims of Janice Speaks and Ruth Cooke based upon plaintiffs' failure to timely respond to defendant's written discovery requests and failure to comply with the order of this court dated March 8, 2006.[1]  According to defendant, plaintiffs were served with the requests on February 23, 2006.  In response, counsel for plaintiff Speaks explained that he had served an unsigned copy of the plaintiff's responses within the court's March 31 deadline, but that Ms. Speaks was unable to sign the responses until April 24, 2006. No explanation whatsoever was provided for the failure of plaintiff Cooke to provide discovery responses.

In its June 27 order, the court ordered Ms. Cooke "to serve her responses to defendant's

> outstanding discovery requests **immediately**" and for both plaintiff Speaks and plaintiff Cooke to
> **show cause** in writing within fifteen (15) days as to why their cases should not be
> dismissed for failure to prosecute and pursuant to Rule 37, Fed. R. Civ. P.   Plaintiff
> Ruth Cook's response shall include a statement verifying the date of service of her
> response to defendant's outstanding discovery requests.  Both plaintiffs' responses shall

---

[1] At the conclusion of a status conference held on March 8, 2006, the court directed all plaintiffs to respond to all outstanding discovery requests not later than March 31, 2006, and for defendants to analyze those responses and complete any follow-up written discovery not later than July 24, 2006.

also include the basis for their failure to earlier comply with the Federal Rules of Civil Procedure and this court's March 8, 2006 order.

To the extent that the court found "adequate cause to avoid dismissal," the court warned both plaintiffs that it

may impose a monetary sanction against them under Rule 37 in the amount of defendant's expenses in drafting the motion for sanctions. The court may also re-examine imposing a *Lone Pine* order as to these plaintiffs. If no timely responses and explanation demonstrating cause are received, the court will recommend dismissal of both plaintiffs.

Plaintiff Speaks has filed a response to the court's show cause order, supported by the affidavit of Ms. Speaks and paralegal Tricia Middleton. Having reviewed that response, the court concludes that plaintiff Speaks has demonstrated just cause for her delay in serving her discovery responses. By contrast, plaintiff Cooke has continued to fail to serve her discovery responses or to provide any response to the court's June 27 "show cause" order.

Accordingly, **IT IS ORDERED:**

1. No sanction will be assessed against plaintiff Speaks for her tardy responses to defendant's written discovery requests;

2. Pursuant to the court's March 8 order:

[A]n additional status conference in both the 1994 and 2005 cases will be conducted telephonically on **Friday, July 28, 2006 at 11:00 a.m.**, to be initiated by the court. **Unless notice is provided to the court that additional counsel wish to participate, only those counsel who appeared at [the March 7, 2006] status conference will be telephonically contacted by the conference call operator to participate in the July 28 conference.** The purpose of the status conference will be to set additional deadlines for the conclusion of all fact and expert discovery, and to set limits as needed on the timing, scope, and number of depositions.

**If new counsel have entered an appearance in any of the referenced cases who were not**

**present at the March 7, they must notify the court if they wish to participate in the July 28 conference call**;

    3. The claims of plaintiff Ruth Cooke should be dismissed, as indicated in the Report and Recommendation filed herewith;

    4. Whenever a motion or pleading pertains to a discovery or pretrial matter which concerns all cases (either the 1995 or the 2004 litigation), the parties should continue to file that pleading in the respective lead case (Civil Case No. 04-191-DLB or 04-229-DLB) using the appropriate consolidated caption. However, to the extent that a pleading pertains **solely** to a specific case, the parties may file that specific pleading in the case to which it pertains.

    This 18th day of July, 2006.

Signed By:
J. Gregory Wehrman
United States Magistrate Judge